UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

LLOYD THOMPSON,

      Petitioner,

v.                                CASE NO.:  5:23-cv-550-JLB-PRL

WARDEN, FCC COLEMAN - LOW,

      Respondent.

## OPINION AND ORDER

      Pending before the Court is Petitioner Lloyd Thompson's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, filed September 1, 2023.   (Doc. 1.)  Petitioner argues that the Federal Bureau of Prisons ("BOP") erred by failing to award him program-based time credits as codified under 18 U.S.C. § 3632.   In its response, Respondent asks the Court to dismiss the Petition as moot because Petitioner received the program-based time credits he requested.   (Doc. 5.)   In response to the Court's order to show cause as to why this matter should not be dismissed as moot, (Doc. 6), Petitioner agrees "that the issue appears to be moot." (Doc. 7 at 1.)   However, Petitioner requests that the Court retain jurisdiction in the event the BOP revokes his time credits.   (Id. at 1–2.)   The matter is ripe for review.

      The Court finds this action must be dismissed as moot.   "[A] case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome."   Powell v. McCormack, 395 U.S. 486, 496 (1969).   See also Al Najjar v. Ashcroft, 273 F.3d 1330, 1335–36 (11th Cir. 2001).   "If events that

occur subsequent to the filing of a lawsuit or an appeal deprive the court of the ability to give the plaintiff or appellant meaningful relief, then the case is moot and must be dismissed." Al Najjar, 273 F.3d at 1336.   A narrow exception to the mootness doctrine may apply when ""(1) there [is] a reasonable expectation or a demonstrated probability that the same controversy will recur involving the same complaining party, and (2) the challenged action is in its duration too short to be fully litigated prior to its cessation or expiration." Sierra Club v. Martin, 110 F.3d 1551, 1554 (11th Cir. 1997).

For relief, Petitioner requested that the Court order the BOP "to provide his [First Step Act] benefits."   (Doc. 1 at 7.)   Petitioner has since received his earned time credits.   Because the Court can no longer give Petitioner any meaningful relief, "dismissal is required because mootness is jurisdictional." Al Najjar, 273 F.3d at 1336.

Finally, the Court declines to retain jurisdiction over this action because it is moot.   Although Petitioner states that other inmates have had their earned time credits revoked by the BOP, he has not established that the same would happen to him.   Earned time credits are subject to change, as a prisoner's security level and the risk and needs assessment can change under various circumstances, including opting out of programming or violating prison rules.   See 18 U.S.C. § 3632(d)(4)(A). Petitioner may challenge any future changes to his sentence calculation in a new habeas action.

Accordingly, it is now

**ORDERED:**

1.     Petitioner's Petition for Writ of Habeas Corpus (Doc. 1) is

       **DISMISSED as moot**.

2.     The Court declines to retain jurisdiction over this action.

3.     The Clerk is **DIRECTED** to enter judgment, deny any pending

       motions as moot, terminate any deadlines, and close this file.

**DONE** and **ORDERED** in Fort Myers, Florida on December 18, 2023.


JOHN L. BADALAMENTI
UNITED STATES DISTRICT JUDGE


Copies:   All Parties of Record

3